UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| BRANDON C. DOYLE, | ) |
| | ) |
| Plaintiff, | ) |
| | )   NO. 4:22CV99-PPS/JEM |
| v. | ) |
| | ) |
| INDIANA PACKERS, | ) |
| RUBEN HERNANDEZ, | ) |
| J.C. PRATTER, and | ) |
| WILLIAM DELP, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Acting without an attorney, Brandon C. Doyle has filed a complaint against his former employer Indiana Packers and three members of its staff. He also seeks to proceed with his case without paying the customary filing fee, and to that end has filed a motion to proceed in forma pauperis. Because Doyle is trying to file this case free of charge, I must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B). *Pro se* filings are to be liberally construed, and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Doyle complaints that defendant Hernandez of Indiana Packers' Human Resources department threatened to terminate Doyle's employment or subject him to workplace discipline for reporting an injury to the Department of Labor's Occupational

Safety and Health Administration, for reporting harassment by defendant superintendent J.C. Pratter[1] and for challenging Indiana Packers' conclusion about Doyle's readiness to return to work following his injury. [DE 1 at 4.] Doyle alleges that Pratter harassed him by means of several workplace behaviors including attempting to cause tension between Doyle and another supervisor, staring Doyle down, and telling a supervisor that Doyle needed to be waked up without actually determining whether he was asleep. [*Id*.] Finally Doyle alleges that defendant Delp purposely assigned Doyle duties that would and did aggravate his injury, and lied to an OSHA representative about Doyle's tasks to make it appear that Doyle was a liar. [*Id*.]

Despite the generous interpretation afforded to *pro se* filings, a threshold issue is always jurisdiction, as to which the complaint must offer an arguable basis. Federal courts are courts of limited jurisdiction, and the court's subject matter jurisdiction over a civil case generally falls into one of two categories. The first category is based on the existence of an issue of federal law that governs the dispute. *See* 28 U.S.C. §1331. The legal claim most directly suggested by the complaint is one for retaliation based on Doyle's complaint to OSHA. Although on the surface that sounds like a federal question, as a matter of federal law OSHA does not provide what is called a private right of action in these circumstances.

---

[1] In the complaint's initial handwritten identification of the defendants being sued, Doyle lists J.C. "Pratter." [DE 1 at 1.] Three pages later in his typewritten explanation of his claims and alleged facts, Doyle repeatedly refers to Mr. "Prater," spelled with only one "t." In preparing the record of the case, the Clerk of Court has used the first spelling with the double "t," and I do the same.

2

Instead of being able to bring a claim directly in federal court, an employee who alleges such retaliation must make a complaint to OSHA. "[T]he OSH Act only authorizes an aggrieved individual to pursue administrative relief, with a possible appeal to a Court of Appeals; or the Secretary of the Department of Labor to bring an action in district court." *Brown v. Choice Products, LLC*, 20-cv-046-wmc, 2021 WL 5038759, *6 (W.D.Wisc. Oct. 27, 2021). *See also* 29 U.S.C. §660(c)(2) (providing that the Secretary of Labor may bring actions in federal district courts for violations of the statute); *Johnson v Interstate Mgmt Company, LLC*, 849 F.3d 1093, 1098 (D.C.Cir. 2017) (declining to recognize a new implied cause of action under §660(c)); *Hoeft v. Dommisse*, 352 Fed.Appx. 77, 80 (7th Cir. 2009) ("only the Secretary of Labor may sue to enforce the Act, which does not provide individual employees with any express or implied right of action"); *George v. Aztec Rental Center, Inc.*, 763 F.2d 184, 186 (5th Cir. 1985) ("[T]here is no private cause of action under federal law for a private employer's retaliatory discharge of an employee contrary to section 11(c)" of the Occupational Safety and Health Act.).

So OSHA does not provide Doyle with federal question jurisdiction to bring a retaliation claim. Employment discrimination cases are frequently brought in federal court on the basis of federal question jurisdiction, but in this instance, although Doyle appears to allege that his treatment was unjust, he does not assert that it was motivated by his membership in a classification protected from discrimination under federal law, such as race, sex, or age. No matter how unfair defendants' actions may have been, it is

3

not clear how their conduct implicates any of the federal laws against employment discrimination, which are based on demographic categories. Instead, Doyle alleges that the defendants mistreated him because they deemed him a trouble maker after he made a report about workplace safety to OSHA. As the complaint now stands, it does not identify a federal question supporting the exercise of jurisdiction over the case.

The second general category of subject matter jurisdiction, known as diversity jurisdiction, applies to cases between parties of different states where the amount in controversy exceeds a prescribed minimum amount. *See* 28 U.S.C. §1332. Doyle gives his address in Peru, Indiana and lists all the defendants at the same business address in Delphi, Indiana. These allegations do not suggest that there is diversity of state citizenship to support the court's jurisdiction over the case.

Because the pleading contains no basis for believing that the court has subject matter jurisdiction over Doyle's claim, the complaint fails to state a claim on which relief could be granted, and is subject to dismissal under §1915(e)(2)(B). I will dismiss the case without prejudice and permit Doyle to file an amended complaint in which a basis for federal jurisdiction is made clear, if he is able to do so.

The motion to proceed in forma pauperis also requires another type of analysis, namely that of Doyle's financial ability to pay the filing fee. The household income Doyle discloses in his motion based on his wife's earnings [DE 2 at 1] narrowly exceeds the maximum annual income for a 2-person household under the guidelines the court

4

applies to determine in forma pauperis eligibility.[2]  *See* https://www.uscourts.gov-/sites/default/files/poverty-guidelines. pdf (150% of the HHS Poverty Guidelines for 2022).  In addition, Doyle reports substantial worker's compensation awards during the past 12 months. [*Id*.]  These financial facts warrant the denial of his motion to proceed *in forma pauperis.*  Proceeding with his case will therefore also require submission of the applicable filing fee unless changed circumstances warrant reconsideration.

**ACCORDINGLY:**

Brandon C. Doyle's Motion to Proceed In Forma Pauperis [DE 2] is DENIED, and the complaint is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §1915(e)(2)(B).

Doyle is granted until **January 31, 2023**, to pay the $402.00 filing fee and submit a proposed first amended complaint over which federal subject matter jurisdiction exists. Failure to take these steps by the deadline will result in the closure of the case without further notice.

**SO ORDERED**.

ENTERED: December 28, 2022.

       /s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT

---

[2] Doyle mentions that he and his wife are expecting the birth of a child in June 2023, but the analysis of the ability to pay must be made based on existing present circumstances.